## F. Gordon Kimball, *State Treas.*

*v.*

## Daniel W. Badger & a., *Ex'rs u/w* Horace W. Pearson.

*Ernest R. D'Amours*, Assistant Attorney-General (by brief and orally), for the State Treasurer.

*Charles J. Griffin* and *Thomas H. Simes & Son* (*Mr. Thomas H. Simes* orally), for the defendants.

Branch, J.   It was agreed that Horace W. Pearson died testate on the fifteenth day of February, 1938, and by his will, devised to Ira W. Whidden a life estate in certain lands and buildings in Portsmouth, said devise being subject to taxation according to the provisions of R. L., c. 87, and the tax thereon has been paid.   Whidden also filed a claim for care, board and lodging and use of a garage furnished said Pearson for six years next prior to his decease.   The claim was allowed by the Probate Court and paid by the defendants. The claim was not evidenced by any contract in writing nor was Whidden an heir-at-law of said Pearson.

The statute under which the tax upon this claim was assessed reads as follows: "38. Claims for Care.   The amount due upon the claim of any legatee named in the will, or of any person who is, or, in the absence of a will, would be an heir-at-law of a deceased person, aris-

ing under a contract for board, lodging, support, maintenance or personal care and attention, covering a period of more than six months, shall be subject to the same tax imposed by this chapter upon a legacy or succession of like amount, except to the extent that such claim is evidenced by a writing signed by the decedent containing an agreement for payment at some specified time or times within the decedent's lifetime." R. L., c. 87, s. 38.

It is the claim of the defendants that this statute draws an "arbitrary distinction . . . between creditors of the same class, and liability to taxation is made to depend, in the case of a creditor who is named in the Will of the deceased, but not an heir at law of the latter, upon the unknown and unsought act of the debtor. If the latter names his creditor as a legatee, the latter's claim is subject to tax. If the creditor is not so named and he is not an heir at law, his claim is not subject to tax. . . . For the Legislature to make the taxability of a debt dependent upon the arbitrary test of whether or not the debtor has named his creditor a legatee in his Will, is for that body to have adopted a standard of classification so arbitrary as to come within the decision of this Court in the case of *State* v. *Express Company*, 60 N. H. 219."

The original form of the statutory provision from which section 38 was derived, reads as follows: "The amount due upon the claim of any creditor against the estate of a deceased person arising under a contract made after the passage of this act, if payable by the terms of such contract at or after the death of the deceased shall be subject to the same tax imposed by this chapter upon a legacy of like amount. The value of legacies or distributive shares in the estates of deceased persons for the purpose of the legacy or succession tax shall not be diminished by reason of any claim against the estate based upon such a contract in favor of the persons entitled to such legacies or distributive shares, except in so far as it may be shown affirmatively by competent evidence that such claim was legally due and payable in the lifetime of the decedent." Laws 1911, c. 42, s. 1 (12).

The obvious purpose of this enactment was to prevent a reduction in the taxable value of legacies or distributive shares, upon the theory that they represented claims against the estate. In *Carter* v. *Craig*, 77 N. H. 200, 205, the constitutionality of section 1 of the Legacy and Succession Tax Statute here involved was elaborately considered by this court upon rehearing, and in the opinion sustaining the law, the following language was used: "The purpose the Legislature had in view when it taxed the right to succeed to property

passing by such a conveyance was not to raise a revenue, but to prevent the use of such conveyances to defraud the state." A similar intent is discernible in the statute of 1911, and that statute was clearly sustainable upon the same principle.

It must be assumed, however, that the provisions of the statute of 1911 did not adequately accomplish its purpose of preventing loss of revenue to the state through the medium of claims against the estates of deceased persons. Legatees and heirs-at-law are much less likely to claim that their legacies or distributive shares include the amount of their claims against the estate than they are to assert that their claims against the estate are in addition to their legacies or distributive shares. Accordingly, the provisions of Laws 1911 were amended by Laws 1923, c. 60, s. 1, to read as follows: "The amount due upon the claim of any legatee named in the will, or of any person who is or in the absence of a will would be an heir-at-law of a deceased person, arising under a contract made after the passage of this act for board, lodging, support, maintenance, or personal care and attention, covering a period of more than six months, shall be subject to the same tax imposed by this chapter upon a legacy or succession of like amount, except to the extent that such claim is evidenced by a writing signed by the decedent containing an agreement for payment at some specified time or times within the decedent's lifetime." This is the language of R. L., c. 87, s. 38.

The purpose of this enactment is clearly the same as that sought to be accomplished by Laws 1911, c. 42, s. 1; i.e., to prevent the use of such claims against the estates of deceased persons to defraud the state, not only by reducing the amount of taxable legacies or distributive shares, but by reducing the amount of estates otherwise taxable. It was designed to remedy the defects in the law of 1911 and was adequately framed to accomplish that purpose. As a statute of frauds, it is not open to attack upon the ground that an arbitrary distinction is drawn between creditors of the same class. As argued by the plaintiff, contracts for support and care with persons other than legatees and heirs do not involve the same personal interest and opportunity to defeat the rights of the state as do those of legatees and heirs-at-law. Section 38 is sustainable upon the ground that it is not primarily a tax measure but a provision designed to prevent the use of claims against the estates of deceased persons to defraud the state.

*Appeal sustained.*

All concurred.